UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ANASTASIIA KANDASHKINA
ON BEHALF OF
DENIS MOISEEV,

                Petitioner,

v.

UNKNOWN PARTY #1 et al.,

                Respondents.
_____/

Case No. 1:26-cv-1043

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

I.      **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to immediately release Petitioner. (Pet., ECF No. 1, PageID.7.)

In an order entered on April 2, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should

not be granted. (Order, ECF No. 3.) Respondents filed their response on April 7, 2026. (Resp., ECF No. 5.)

## II.    Relevant Factual Background

Petitioner is a citizen of Russia who was admitted to the United States as a B2 nonimmigrant visa holder with authorization to remain in the United States for a temporary period; however, Petitioner remained in the United States beyond the time authorized. (Notice to Appear (NTA), ECF No. 5-1, PageID.48.) On September 11, 2025, Petitioner was arrested by United States Border Patrol following a traffic stop by Michigan State Police. (2025 Form I-213, ECF No. 5-2, PageID.54.)

On October 20, 2025, Petitioner received a custody redetermination hearing pursuant to § 1226(a). (Immigration Judge Order, ECF No. 1-1, PageID.11.) At the conclusion of the October 25, 2025, hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating: "Danger. [R]ecent DUI charge and probation." (*Id.*) Petitioner claims that, following the October 25, 2025, hearing, the criminal charge that was the basis for the denial of bond was dismissed. (Pet., ECF No. 1, PageID.2.) There is no indication that Petitioner has requested a second redetermination hearing. (*See* Pet., ECF No. 1, generally.)

## III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV.    Discussion

In Petitioner's § 2241 petition, Petitioner seeks to challenge his continued detention following the dismissal of his criminal charges. (Pet., ECF No. 1, PageID.2.) However, Petitioner does not raise any legal or constitutional challenge to the October 20, 2025, decision of the Immigration Judge, denying Petitioner bond based upon the facts then before the Detroit Immigration Court.

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); *see, e.g.*, *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *2–3 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *2–4 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *2–3 (W.D. Mich. Dec. 12, 2025). If the noncitizen is "dissatisfied with the [immigration judge's] bond determination," the noncitizen ordinarily must "file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the BIA.'" *Leonardo*, 646 F.3d at 1160 (citation omitted). A noncitizen who remains detained under Section 1226(a) may also later obtain another custody determination whenever "circumstances have changed materially since the prior bond redetermination." 8 C.F.R. 1003.19(e).

There are exceptions to this general rule. For example, the United States Court of Appeals for the Sixth Circuit has noted that due process challenges that are not premised on "correctable procedural errors" generally do not require exhaustion because the BIA cannot review constitutional challenges. *See Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (discussing that "an alien's due process challenge generally does not require exhaustion" because "the BIA

3

lacks authority to review constitutional challenges," but noting that an "alien must raise correctable procedural errors to the BIA"). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo*, 646 F.3d at 1160.

In this case, although Petitioner challenges his detention generally, Petitioner does not argue that the procedures of the bond hearing itself violated the Due Process Clause of the Fifth Amendment and he does not contend that he ever sought a second custody redetermination hearing based upon the dismissal of the criminal charges under 8 C.F.R. 1003.19(e). Under these circumstances, the issues raised in the present § 2241 petition are issues that must first be raised in the Immigration Court. Petitioner has not exhausted his administrative remedies, and Petitioner has not demonstrated grounds for excusing the exhaustion requirement in this case.

Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

### Conclusion

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated:       April 15, 2026                    /s/ Jane M. Beckering
                                               Jane M. Beckering
                                               United States District Judge